HARRIS, Judge,
dissenting.
The issue in this case is whether Purcell, since he had a constitutional right not to testify against himself in this disciplinary action, can be “convicted” based on answers assumed because of his failure to respond to request for admissions. Logic suggests that he cannot.
In this proceeding, the Department alleged that Purcell had signed a license renewal application containing an affirmation that he had met the license renewal requirements when he had not completed his continuing education obligation. Purcell denied the allegation and requested a formal hearing. The Department then served a request for admissions and interrogatories on Purcell. When Purcell failed to respond to them, the Department took the position that the allegations were deemed admitted and that since there were no disputed facts, a formal hearing was not required. An informal hearing was conducted at which time Purcell’s license was revoked based on the following:
As of December 1, 1996, the Respondent has failed to answer by admission, denial or objection, as required by Florida Rule of Civil Procedure 1.370. Therefore, pursuant to that Rule, the matters in the Request for Admissions are deemed admitted; and there are no material facts in dispute.
This is a logical application of the rule. Indeed, it is consistent with the holding in The Florida Bar v. Daniel, 626 So.2d 178 (Fla.1993), a lawyer disciplinary proceeding. However, as our supreme court held in DeBock v. State, 512 So.2d 164, 166 (Fla.1987), lawyer disciplinary actions, unlike those for accountants and real estate salesmen, are remedial and not penal. Thus, the question remains whether the above rule may constitutionally be applied in “penal” proceedings.
As the supreme court held in State ex rel. Vining v. Florida Real Estate Commission, 281 So.2d 487, 491-92 (Fla.1973):
*1021 In the instant ease, the penalty for failure to respond by means of a sworn answer to charges made by the Real Estate Commission is the entry of a default judgment against the defendant which may result in suspension or revocation of the realtor’s license ... The requirement that the answer be “verified” or sworn to produces an additional coercive effect in that it exposes the defendant to a possible perjury proceeding if he does not respond truthfully to the charges against him. However, we regard the latter effect of the statute as secondary in importance to the fact that the defendant is required to respond at all. The basic constitutional infirmity of the statute lies in requirement of a response under threat of license revocation or suspension, which amounts to compelling the defendant to be a witness against himself within the meaning of the Fifth Amendment to the U.S. Constitution and Article 1, § 9 of the Florida Constitution, F.S.A
Although Vining dealt with a statutory requirement to answer the allegations contained in the charging document, I see no logical distinction between that and a rule that requires the defendant to answer those same allegations contained in a request for admissions.
The concurring opinion agrees with the Department that Purcell must answer the request for admissions unless he asserts his right against self incrimination in a written response to the request within thirty days and if he fails to so assert such right, then he is deemed to have admitted the information requested. This would be the case if this were a civil action seeking only a civil remedy. But this is not such a case. This is a quasi-criminal proceeding seeking only a penal remedy, the revocation of a real estate license. There ought to be a distinction, and I submit there is, between the discovery permitted in a civil action and a penal action. There is little difference in requiring the respondent in a penal proceeding to assert his right to remain silent in a written answer to a request for admissions and requiring him to assert it in a written answer to the disciplinary complaint. The Vining court held that even the requirement to respond to the allegations under threat is prohibited.
Both the United States Constitution “no person ... shall be compelled in any criminal ease to be a witness against himself’[1] and the Florida Constitution “no person shall ... be compelled in any criminal matter to be a witness against himself’[2], grant this right against self-incrimination. Such right permits a defendant, as did the respondent in this case, to deny the charges and put the state to its proof, which cannot be based on the defendant’s failure to answer. The Department herein urges that Purcell’s “conviction” was not based on his remaining silent but rather on his failure to timely assert his right to remain silent. While it is true that one cannot answer a question and later claim his right to remain silent, this is because his answer “waives” such right. How can a right to remain silent be more affirmatively asserted than by remaining silent? But says the Department, Purcell did not assert his right in writing and within thirty days as required by our rule. The Department does not suggest that the conditions that the right be asserted in writing or within thirty days are included in either the state or federal constitutional grant of the right. Nor does the Department explain how a state court rule can condition or limit a right granted by the state’s constitution, let alone the federal constitution.
The supreme court in Vining granted a writ of prohibition restraining the enforcement of section 475.30(1), Florida Statutes (1971), “to the extent that requires a defendant in a discipline proceeding before the Real Estate Commission to respond to the charges against him” when the penalty for failing to respond is a default judgment. Vining, 281 So.2d at 492.
I submit that the Florida Supreme Court was correct in Vining and that it makes no difference if the requirement is to respond to the allegations contained in the complaint or to respond to the same allegations contained in a request for admissions. Rule 1.370 Fla. *1022 R.Civ.P., should not apply to penal proceedings.

. U.S. Const., Fifth Amend. V.

. Article 1, § 9,- Fla. Const.